IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HUMANISTAS SECULARES DE PUERTO RICO,<br><br>    **Plaintiff,**<br><br>    v.<br><br>CAMARA DE REPRESENTANTES DE PUERTO RICO, et al.,<br><br>    **Defendants.** | CIVIL NO. 17-1298 (PAD) |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Plaintiff Humanistas Seculares de Puerto Rico, Inc. brings this action to declare unconstitutional under the Establishment Clause of the First Amendment to the United States Constitution and the Puerto Rico Constitution a proclamation signed by the Speaker of the Puerto Rico House of Representatives, defendant Carlos J. Méndez Núñez, titled "Decree of Forty Days of Fasting and Prayer in the House of Representative," and to enjoin the carrying out of the events related to it (Docket No. 12).[1] Defendant Méndez has moved to dismiss for lack of standing under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The court agrees with Méndez that plaintiff lacks standing. In consequence, the motion to dismiss is GRANTED, plaintiff's claim is DISMISSED, and the supplemental Puerto Rico claim REMANDED.[2]

---

[1] Defendants are the Puerto Rico House of Representatives and Carlos J. Méndez Núñez, in both his personal and official capacity (as Speaker of the Puerto Rico House of Representatives). A certified copy of the Decree is attached to this Opinion and Order.

[2] Accordingly, this Opinion moots the 12(b)(6) request and plaintiff's preliminary-injunction request.

Case 3:17-cv-01298-PAD   Document 61   Filed 04/07/17   Page 2 of 10

Humanistas Seculares de Puerto Rico, Inc., v. Cámara de Representantes de Puerto Rico, et al.
Civil No. 17-1298 (PAD)
Opinion and Order
Page 2

# I. BACKGROUND

### A. Plaintiff.

Plaintiff is a "non-profit organization incorporated" under Puerto Rico law that "brings together atheists, agnostics and freethinkers." Id. at ¶ 9. As alleged, it is "vigilant and observant of government official conduct and recurrently requests that the government refrain from performing any acts of a religious nature." Id. at ¶10. Similarly, it "observes, investigates, and challenges religious acts performed during working hours and/or paid for with taxpayer money" that may constitute "an affront to those who do not practice any religion . . ." Id. Ms. Eva Quiñones, plaintiff's president and sole representative member here, complains that the Decree, which lasts 40 days, from February 27 to April 8, 2017, is an endorsement of Christianity. In her view,

> [The Decree and] scheduled events coordinated therein, offend Plaintiff and its members individually for it sends a message to non-adherents, such as Plaintiff, that they are outsiders, not full members of the political community, outcast because of their views on Religion. As stated by [Plaintiff's] president, Eva Quiñones, as a result of the Decree and the subsequent activities implementing the Decree, the House Representative has made it apparent that Christians are favored members of the political community, excluding those that are not of Christian faith, secular, or agnostic members of [Plaintiff]. In order to participate in Defendants Decree, members of the general public, including Eva Quiñones, would have to adhere to Christian rituals and services sponsored and promoted by the House of Representatives by way of the Decree.

(Docket No. 49 at 9)(internal citations omitted).

### B. Procedural Events.

On February 22, 2017, plaintiff initiated the action in the Puerto Rico Court of First Instance (Docket No. 1). On March 3, 2017, Méndez removed the case to this court. On March 7, 2017, plaintiff moved for a Temporary Restraining Order ("TRO") (Docket No. 7). On March

Case 3:17-cv-01298-PAD     Document 61     Filed 04/07/17     Page 3 of 10

Humanistas Seculares de Puerto Rico, Inc., v. Cámara de Representantes de Puerto Rico, *et al.*
Civil No. 17-1298 (PAD)
Opinion and Order
Page 3

8, 2017, the court denied the request and set a tight briefing schedule, which included the shortening of Méndez's time to answer or otherwise plead (Docket Nos. 9 and 10). On March 9, 2017, plaintiff filed an amended complaint (Docket No. 12); and sought reconsideration of the order denying the TRO (Docket No. 13), which request Méndez moved to strike (Docket No. 16). The same day, the court denied the motion to strike (Docket No. 21); allowed until March 13, 2017 to respond to plaintiff's motion for reconsideration (Docket No 18); and ordered the parties to meet and file a joint motion with stipulated facts (Docket No. 22).

On March 13, 2017, plaintiff requested that summons be issued as to the Secretary of Justice of Puerto Rico, Méndez in his personal and official capacity, and the Puerto Rico House of Representative (Docket No. 31); and Méndez (i) opposed plaintiff's motion for reconsideration (Docket No. 32), and (ii) moved to dismiss under Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Docket No. 33). On March 15, 2017, the court denied plaintiff's motion for reconsideration on the request for TRO (Docket No. 35); ordered the issuance of the summons requested (Docket No. 36); and noted plaintiff's motions in compliance (Docket No. 37). On March 17, the parties requested an extension of time to file the Joint Stipulations (Docket No. 41), which the court granted (Docket No. 43).[3]

On March 29, 2017, plaintiff filed a motion requesting hearing (Docket No. 51). On March 30, 2017, the court scheduled a Conference for April 4, 2017 to discuss pending motions, including plaintiff's preliminary injunction request. On March 31, 2017, plaintiff filed an urgent motion for expedited limited discovery, which Méndez opposed on April 3, 2017 (Docket Nos. 56 and 57,

---

[3] They submitted the Joint Stipulations on March 20, 2017 (Docket No. 44).

Case 3:17-cv-01298-PAD    Document 61    Filed 04/07/17    Page 4 of 10

Humanistas Seculares de Puerto Rico, Inc., v. Cámara de Representantes de Puerto Rico, *et al.*
Civil No. 17-1298 (PAD)
Opinion and Order
Page 4

respectively). On April 4, 2017, after concluding a criminal trial, the court met with the parties and heard extensive arguments on all pending motions (Docket No. 60).

## II.     STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. See, Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010)(citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)). If it appears to the court at any time that subject matter jurisdiction is lacking, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004). The court may consider extrinsic materials in the process of evaluating a motion to dismiss under Rule 12(b)(1). Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000).[4]

## III.     DISCUSSION

### A. Standing

Article III of the U.S. Constitution restricts jurisdiction to "Cases" and "Controversies." U.S. Const. art. III § 2. "That limitation" on the federal judiciary "is fundamental to the federal judiciary's role within our constitutional separation of powers." Reddy v. Foster, 845 F.3d 493, 499 (1st Cir. 2017)(quoting Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016)). One of the "limitation's manifestations" is standing. Id. Courts must consider the threshold issue of standing

---

[4] Méndez objects to the court's entertaining two affidavits, subscribed by Ms. Quiñones, that plaintiff filed after Méndez had filed its motion to dismiss. Méndez argues that plaintiff had to request leave of court to file its affidavits and that the facts that occurred after the date of the filing of the complaint are irrelevant. The court need not decide these procedural questions. This is, because, even assuming *arguendo*, that these affidavits were properly before the court, the court would reach the same conclusion: to wit, that plaintiff lacks standing.

Case 3:17-cv-01298-PAD Document 61 Filed 04/07/17 Page 5 of 10

Humanistas Seculares de Puerto Rico, Inc., v. Cámara de Representantes de Puerto Rico, *et al.*
Civil No. 17-1298 (PAD)
Opinion and Order
Page 5

at the outset; that is, before delving into the merits. See, Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 638 (1st Cir. 2013)("we may never bypass a question of constitutional standing to reach the merits of a case" (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-102 (1998)).

Standing requires three elements: injury in fact, causation, and redressability. Katz v. Pershing, LLC, 672 F.3d 64, 71 (1st Cir. 2012); Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Id. (citations and internal quotation marks omitted). At the pleading stage, "the plaintiff bears the burden of establishing sufficient factual matter to plausibly demonstrate his standing to bring the action. Neither conclusory assertions nor unfounded speculation can supply the necessary heft." Hochendoner v. Genzyme Corp., 823 F.3d 724, 731 (1st Cir. 2016).

That a case is before the court pursuant to the removal statute, 28 U.S.C § 1441, does not change the standard. See, Culhane v. Aurora Loan Servs. of Nebraska, 708 F.3d 282, 289 (1st Cir. 2013)(so noting). Standing may be predicated on "noneconomic injury," Valley Forge Christian Coll v. Americans United for Separation of Church & State, 454 U.S. 464, 486 (1982). Plaintiff attempts to establish injury in two ways: by way of the direct-injury doctrine (traditional standing),[5] and taxpayer-standing under the exception set in Flast v. Cohen, 392 U.S. 83, 88 (1968).

---

[5] Typical examples – none of which is arguably applicable here – include "religious coercion," Marrero–Méndez v. Calixto–Rodríguez, 830 F.3d 38, 44 (1st Cir. 2016), or subtler injuries, such as being unwillingly exposed to religious displays. See, Cty. of Allegheny v. Am. Civil Liberties Union Greater Pittsburgh Chapter, 492 U.S. 573 (1989)(challenging holiday display outside courthouse).

Case 3:17-cv-01298-PAD   Document 61   Filed 04/07/17   Page 6 of 10

Humanistas Seculares de Puerto Rico, Inc., v. Cámara de Representantes de Puerto Rico, et al.
Civil No. 17-1298 (PAD)
Opinion and Order
Page 6

### (i) Traditional Standing. [6]

The complaint perfunctorily alleges that plaintiff's membership "individually and personally are suffering immediate injury as a result of the implementation by Defendants of the Fasting and Prayer Decree." Docket No. 12 at ¶ 12. But it provides "no specific information . . . regarding the harm, if any, that has befallen . . . plaintiff. Instead, it offers only "scattered descriptions of generalized harms" Hochendoner, 823 F.3d 724, 731-732 – feeling offended by the challenged conduct – that are insufficient to confer standing.

Plaintiff suggests that Quiñones' feelings of exclusion are sufficient to confer her with standing. See, Docket No. 12 at ¶ 32 (alleging that the challenged conduct "offend[s] [p]laintiff and its members individually for it sends a message to non-adherents, such as plaintiff, that they are outsiders, not full members of the political community, outcast because of their views on Religion"). Citizens, however, constantly feel "excluded" or "offended" by what government officials say or do, including the positions or causes they support. Nevertheless, such feelings do not confer other citizens with standing.

"Offense at the behavior of the government, and a desire to have public officials comply with (plaintiffs' view of) the Constitution differs from a legal injury." Freedom From Religion Found., Inc. v. Obama, 641 F.3d 803, 807 (7th Cir. 2011). "If a perceived slight, or a feeling of exclusion, were enough, then Michael Newdow would have had standing to challenge the words 'under God' in the Pledge of Allegiance, yet the Supreme Court held that he lacks standing."

---

[6] An organization "has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right; the interests it seeks to protect are germane to the organization's purpose; and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc., 517 U.S. 544, 553 (1996). For purposes of plaintiff's standing, Ms. Quiñones is the only relevant member. Therefore, and since Méndez does not challenge the last two elements of associational standing, the court will focus only whether Quiñones has standing to sue in her "own right"

Case 3:17-cv-01298-PAD   Document 61   Filed 04/07/17   Page 7 of 10

Humanistas Seculares de Puerto Rico, Inc., v. Cámara de Representantes de Puerto Rico, et al.
Civil No. 17-1298 (PAD)
Opinion and Order
Page 7

Freedom From Religion Found., Inc. v. Obama, 641 F.3d 803, 807 (7th Cir. 2011); Freedom from Religion Found., Inc. v. Perry, No. CIV.A. H-11-2585, 2011 WL 3269339, at *5 (S.D. Tex. July 28, 2011).

Plaintiff relies on decisions holding that those who are obligated to view religious displays to access public services, reach their jobs, or make use of government services, have standing to contest the displays' contents. See, e.g., Docket No. 49 at p. 6 (citing, inter alia, Saladin v. Milledgeville, 812 F.2d 687, 692 (11th Cir.1987) (holding city residents had standing to challenge the city's placement of the word "Christianity" on its official seal because they regularly received correspondence bearing the seal and the seal made them feel like second-class); Books v. City of Elkhart, 235 F.3d 292, 301 (7th Cir. 2000) (holding that a plaintiff may allege an injury in fact when he is forced to view a religious object that he wishes to avoid but is unable to avoid because of his right or duty to attend the government-owned place where the object is located.); Am. Civil Liberties Union of Georgia v. Rabun County Chamber of Commerce, 698 F.2d 1098, 1107-08 (11th Cir.1983)(holding one plaintiff had standing to challenge a large cross in a state park solely "because the cross [was] clearly visible from the porch of his summer cabin as well as from the roadway he must use . . .")).

None of those cases resemble what we have here: someone who voluntarily visited several churches where activities related to the Decree were being held. Indeed, assuming *arguendo* that a plaintiff need not alter her conduct to avoid the religious display or event, see, Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 479 (3d Cir. 2016)(so holding), the display or event must still be "unwelcome." Id. And given that neither the Decree nor

Case 3:17-cv-01298-PAD   Document 61   Filed 04/07/17   Page 8 of 10

Humanistas Seculares de Puerto Rico, Inc., v. Cámara de Representantes de Puerto Rico, *et al.*
Civil No. 17-1298 (PAD)
Opinion and Order
Page 8

its implementation requires Quiñones to do, see, or hear anything, she suffered no direct harm that is not otherwise shared by those who disapprove of Méndez' actions.[7]

The record does not show that Quiñones ever requested to participate in anything related to the Decree.[8] Her affidavits show that she voluntarily entered several private churches to observe the challenged conduct and document it. In consequence, she has not plausibly alleged sufficient facts to demonstrate that "that the [alleged] injury . . . affect[ed] the plaintiff in a personal and individual way," Lujan, 504 U.S. at 560 n.1, so she cannot meet the injury-in-fact element of the Article III standing test.[9] As the Supreme Court has explained, "[l]ike other constitutional provisions, the Establishment Clause acquires substance and meaning when explained, elaborated, and enforced in the context of actual disputes. That reality under-lies the case-or-controversy requirement, a requirement that has not been satisfied here." Winn, 563 U.S. at 145.

**(ii) Taxpayer Standing.**

The exception to the general rule against taxpayer standing is "narrow." Bowen v. Kendrick, 487 U.S. 589, 618 (1988); Osediacz v. City of Cranston, 414 F.3d 136, 142 (1st Cir. 2005)("a 'plaintiff's standing . . . cannot be grounded on the mere fact that . . .[she] pays taxes to a municipality which, in turn, expends funds to further an unconstitutional exercise of

---

[7] Compare with Sch. Dist. of Abington Twp., Pa. v. Schempp, 374 U.S. 203, 225 n.9 (1963)(finding standing where state laws required Bible readings or prayer in public schools because plaintiffs' children were enrolled those schools and so were "directly affected" by such laws).

[8] *Cf.* with Freedom from Religion Found., Inc. v. Lew, 773 F.3d 815, 822 (7th Cir. 2014) (discussing that mere fact that the tax code conditions the availability of a tax exemption on religious affiliation does not give a plaintiff standing to challenge that provision under the Establishment Clause, because she cannot establish standing to challenge the provision without having personally claimed and been denied the exemption).

[9] The court need not consider if she meets the other two elements, causation and redressability, though it is skeptical about the latter. See, Freedom from Religion Found. Inc v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 485 (3d Cir. 2016) (Smith, J., concurring)("Standing alone, with the claims for injunctive and declaratory relief analyzed separately, I am doubtful that this "psychic satisfaction [can be] an acceptable Article III remedy because it does not redress a cognizable Article III injury.").

Case 3:17-cv-01298-PAD   Document 61   Filed 04/07/17   Page 9 of 10

Humanistas Seculares de Puerto Rico, Inc., v. Cámara de Representantes de Puerto Rico, *et al.*
Civil No. 17-1298 (PAD)
Opinion and Order
Page 9

governmental power"). For the same reason, the Supreme Court "has rejected the general proposition that an individual who has paid taxes has a "continuing, legally cognizable interest in ensuring that those funds are not used by the Government in a way that violates the Constitution." Arizona Christian Sch. Tuition Org. v. Winn, 563 U.S. 125, 134 (2011) (quoting Hein v. Freedom From Religion Foundation, Inc., 551 U.S. 587, 599 (2007) (plurality opinion)). On this formulation, Flast requires "a 'logical link' between the plaintiff's taxpayer status 'and the type of legislative enactment attacked.'" Winn, 563 U.S. at 138 (quoting Flast, 392 U.S. at 85–86); see, id. at 105-106 ("[A] taxpayer will have standing . . . when he alleges that congressional action under the taxing and spending clause is in derogation of [the Establishment Clause].").

Plaintiff fails to allege the existence of earmarked funds. The employed "public funds and resources, including assigning the coordination of the events to public officials or employees, and the employment of staff and drivers" (Docket No. 12 at ¶ 28) – are insufficient to confer taxpayer standing. See, Doremus v. Bd. of Ed. Of Borough of Hawthorne, 342 U.S. 429, 433 (1952). Insofar as Flast "does not give taxpayers standing to challenge the constitutionality of tax credits or other 'tax expenditures,'" Freedom from Religion Found., Inc. v. Lew, 773 F.3d 815, 820 (7th Cir. 2014) (quoting Winn, 131 S.Ct. at 1447), the court need not go further, for plaintiff's lack of taxpayer standing is undebatable.[10]

### B. Supplemental Claim

Both parties ask the court to retain supplemental jurisdiction over plaintiff's claim under the Puerto Rico Constitution. But because the court lacks subject-matter jurisdiction over the

---

[10] Plaintiff fails not only to plausibly allege that it has taxpayer standing under Flast, but also that it would meet Hein. This is because it provides no allegations that the Decree or any of the challenged conduct constitutes an appropriation bill of public funds.

Case 3:17-cv-01298-PAD   Document 61   Filed 04/07/17   Page 10 of 10

Humanistas Seculares de Puerto Rico, Inc., v. Cámara de Representantes de Puerto Rico, et al.
Civil No. 17-1298 (PAD)
Opinion and Order
Page 10

federal-law claim, it cannot dismiss, even without prejudice, the supplemental claim, as the court cannot "say with absolute certainty that remand would prove futile." Me. Ass'n of Interdep. Neighborhoods v. Comm'r, Me. Dep't of Human Servs., 876 F.2d 1051, 1054 (1st Cir. 1989); Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 89 (1991)(so holding). Accordingly, the supplemental claim is remanded.

### IV.     CONCLUSION

In view of the foregoing, defendant Méndez's "Motion to Dismiss" (Docket No. 33) is granted, and the claim under the U.S. Constitution is dismissed. Because a dismissal for lack of standing is functionally equivalent to a dismissal for lack of jurisdiction, the resulting judgment will (unlike a judgment on the merits) operate without prejudice. Hochendoner, 823 F.3d at 728. Therefore, the supplemental claim is remanded to local court.

Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of April, 2017.

> s/Pedro A. Delgado-Hernández
> PEDRO A. DELGADO-HERNÁNDEZ
> United States District Judge