## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HUMANISTAS SECULARES DE PUERTO RICO, INC.,<br><br>    PLAINTIFF,<br><br>          v.<br><br>CAMARA DE REPRESENTANTES DE PUERTO RICO, ET AL.,<br><br>    DEFENDANTS. | CIVIL NO. 17-1298 (PAD) |

## Reply to Opposition to Motion for Attorney's Fees

Defendant Carlos J. Méndez Núñez, in his individual capacity and in compliance with this Honorable Court's order, ECF No. 73, respectfully replies to Plaintiff Humanistas Seculares de Puerto Rico, Inc.'s opposition, ECF No. 71, to his motion for attorney's fees, ECF No. 67. Contrary to its opposition to Defendant's bill of costs, ECF No. 65, Plaintiff no longer invokes the so-called "indigence exception" (not least because it waived it by never supporting it with the required documentation, *see* ECF No. 69 at 9). Nor, more critically, does it question Defendant's whole lodestar calculations (hourly rates, the number of hours invested in winning this litigation, and so forth). These concessions, which simplify the process for everyone, are well taken.

Defendant thus turns to the *four purported* arguments against what amounts only to a fair and modest request to (1) redress Defendant, in his individual capacity, from the harassments and harms that Plaintiff's frivolous, unreasonable, or groundless standing

claims and motions have inflicted on him, and (2) deter the bringing of lawsuits whose standing contentions manifestly violate the Supreme Court's jurisprudence.

**I.**

The opposition begins by mischaracterizing this Court's quote that "because a dismissal for lack of standing is functionally equivalent to a dismissal for lack of jurisdiction, the resulting judgment will (unlike a judgment on the merits) operate without prejudice." ECF No. 71 at 1 (citing *Humanistas Seculares de Puerto Rico v. Cámara de Representantes de Puerto Rico*, No. 17-1298, 2017 WL 1327635, at *5 (D.P.R. Apr. 7, 2017), quoting in turn *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 728 (1st Cir. 2016)). It implies that because that is so, its standing theories or claims cannot be "'frivolous, unreasonable [or][1] without foundation,'" *id.*, which, the parties agree, is the controlling standard, *see, e.g.*, *Andrade v. Jamestown Hous. Auth.*, 82 F.3d 1179, 1193 (1st Cir. 1996).

But the premise on which this argument rests is fallacious. It again assumes that a favorable ruling on the merits must exist for a defendant to "prevail." *See* ECF No. 71 at 5 (collecting nonbinding cases that purportedly support that overruled proposition). As noted before, however, that is exactly what the Supreme Court in *CRST Van Expedited Inc.*

---

[1] Plaintiff misquoted Defendant's brief (and the correct) standard by substituting the conjunction "and" for "or." ECF No. 71 at 1; *but see id.* at 3 (discussing correct standard, which nobody disputes). Of course, the difference between the conjunctions is enormously important here. *See generally, e.g.*, William N. Eskridge, Jr., et. al., *Legislation and Statutory Interpretation* 266 (2d ed. 2006).

*v. E.E.O.C. unanimously* rejected—to wit, "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." 136 S.Ct. 1642, 1646 (2016).[2]

Yet Plaintiff omitted citing *CRST Van Expedited*. Because Plaintiff ignores (just like before) this recent, watershed, and supremely binding precedent, and for all the reasons explained in Defendant's previous motions, ECF Nos. 66 and 67, this Court should readily jettison this argument, and reject the overruled cases that held that a merits dismissal was a prerequisite to a defendant's recovery of attorney's fees. A contrary conclusion would simply run head-on into *CRST Van Expedited*'s holding and spirit. *See* ECF No. 67 at 3 (so showing); *see also J.E. v. Wong*, 14-00399 HG-KJM, 2016 WL 4275590, at *18 (D. Haw. Aug. 12, 2016) (applying *CRST Van Expedited* in the § 1983 context).

## II.

Plaintiff's second argument is no less robust. It says that, because it "presented a sound and compelling constitutional federal claim which is presently before the Superior

---

[2]*Accord Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 710 (9th Cir. 2017) ("conclud[ing] that [*CRST Van Expedited Inc.*] effectively overruled *Branson*'s holding that when a defendant wins because the action is dismissed for lack of subject matter jurisdiction he is never a prevailing party"); *In re Nat. Gas Royalties Qui Tam Litig.*, 845 F.3d 1010, 1025–26 (10th Cir. 2017) ("The defendant may prevail [under the *Christiansburg* standard] even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." (alterations in original; quoting *CRST Van Expedited, Inc.*, 136 S.Ct. 1642 at 1651)); *U.S. v. Thirty-two thousand eight hundred twenty dollars and fifty-six cents ($32,820.56) in U.S. Currency*, 838 F.3d 930, 936 (8th Cir. 2016) (holding that "[a] defendant need not prevail on the merits to be a prevailing party").

Court of Puerto Rico," ECF No. 71 at 2, this Court should rob Defendant of his right to recover any attorney's fees. This contention fails for two separate reasons.

First, its "constitutional federal claim" was neither sound nor compelling. Quite the contrary is true: It eschewed the Nation's history of similar prayer and fasting proclamations. And it relied on the diluted Lemon test (which was in any event inapplicable here, *see* ECF No 47 at 6–7 (so showing)). But this Court need not dwell on that. *Cf. Stor/Gard, Inc. v. Strathmore Ins. Co.*, 717 F.3d 242, 248 (1st Cir. 2013) (reminding that "[t]he simplest way to decide a case is often the best" (quoting *Chambers v. Bowersox*, 157 F.3d 560, 564 n. 4 (8th Cir. 1998) (R. Arnold, J.))). Recall that the thrust of the motion for attorney's fees was that, irrespective of the merits, Plaintiff's standing theories or claims were nevertheless frivolous, unreasonable, *or* without foundation. *See, e.g.*, *Humanistas Seculares de Puerto Rico*, 2017 WL 1327635, at *5 (holding that it "need not go further, for plaintiff's lack of taxpayer standing is undebatable"). This makes sense, Defendant explained, because if Plaintiff had done its homework on standing, it would have readily realized that its standing theories were hopeless from the outset. Thus, the Establishment Clause claims would not have accrued but for the frivolous standing claims. *See Fox v. Vice*, 563 U.S. 839, 839–40 (2011).

Second, and more importantly, Plaintiff ignores that its federal claim was completely "rebuffed." *CRST Van Expedited, Inc.*, 136 S. Ct. at 1651 ("The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed,

irrespective of the precise reason for the court's decision").[3] And, as extensively argued (ECF Nos. 67 and 69), dismissal for want of injury-in-fact Article III standing was no *ordinary* dismissal. Rather, winning on standing amounted to Plaintiff's challenge being "rebuffed." *TufAmerica, Inc. v. Diamond*, 12-CV-3529 (AJN), 2016 WL 3866578, at *2 n. 1 (S.D.N.Y. July 12, 2016). In short, "a jurisdictional victory dismissing the case [was] all the defendant need[ed] to prevail." *Autor v. Blank*, 128 F. Supp. 3d 331, 339 (D.D.C. 2015), *aff'd sub nom. Autor v. Pritzker*, 843 F.3d 994 (D.C. Cir. 2016).

For these reasons, and for those set forth previously (ECF Nos. 67 and 69) this Court should conclude that Defendant is a prevailing party. The same analysis supports discarding Plaintiff's fallback argument: Defendant should be precluded from recovering any attorney's fees just because its supplemental claim

> was remanded to the Superior Court of Puerto Rico, where it was originally filed. *See, e.g., Musila v. Lock Haven University*, 970.Fupp.2d 384 (2013) (Court denies award of attorney's fees where the Court invested considerable time and effort to research the nuances of plaintiff's claims and after the federal dismissal plaintiff may still have a viable state law claim)

ECF No. 71 at 6 (some internal citations omitted).

---

[3] *See Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 930 (7th Cir. 2000) (Easterbrook, J.) ("when a dismissal for want of jurisdiction forecloses the plaintiff's claim, the defendant is the 'prevailing party'"); U.*S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1055-56 (10th Cir. 2004) (same); *Megna v. Biocomp Laboratories Inc.*, 16 CIV. 3845 (VM), 2016 WL 7742998, at *2 (S.D.N.Y. Dec. 21, 2016) ("A dismissal for lack of personal jurisdiction, like a dismissal on mootness or state sovereign immunity grounds, is a procedural determination that closes the court to the nonmoving party, like Megna here").

But *Musila* is inapposite here. To start, the district court there invested "considerable time and effort to research the nuances of plaintiff's claim . . ." 970 F. Supp. 2d at 395. Here, by contrast, this Court wisely spotted Plaintiff's patent want of standing at the outset, when it ordered it to brief that issue. *See* ECF No. 10 at 1. Yet Plaintiff turned a blind eye to that admonition and, lacking any foundation for its standing theories or claims, soldiered on. And it even refused to concede even his patently frivolous taxpayer-standing claim. Against this backdrop, Plaintiff offers no rebuttal or counterargument. Nor does it even attempt to defend the motions (like its motion for reconsideration from the TRO's second denial) that Defendant flagged as unreasonable, frivolous, or without foundation. It does not, furthermore, explain how its traditional-standing had any foundation whatsoever—at least under current, binding Supreme Court caselaw.

That this Honorable Court, instead of retaining pendent jurisdiction, remanded—as it had to under the rather restrictive but governing removal statute, *see* ECF No. 33 at 22 n. 12—does not change this conclusion. The supplement claim should—even notwithstanding "the 'tropical nature' of [local] court,"—*Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc.*, 812 F.3d 213, 229 (1st Cir. 2016)—suffer from the same infirmity: Want of standing. So, whatever persuasive value this Court assigns to *Musila*'s non-binding *ipse dixit* that "Musila may still have a viable state law claim," 970 F.Supp.2d at 396, it still cannot carry the day for Plaintiff. This is because the *modern* Puerto Rico Supreme Court has also rejected general harms; it, too, requires a particularized injury in

fact. *See, e.g., Fund. Surfrider y otros v. A.R.P.E.*, 178 P.R. Dec. 563, 589–90 (2010). But that should come as no surprise, as that court tracks *modern* Supreme Court standing caselaw. The same result, in short, would obtain under Puerto Rico law: Plaintiff would lack standing.

In any event, Plaintiff's claim under Puerto Rico's Establishment Clause is, without serious question, moot by now. The reasons are, of course, obvious: The "decree" lasted only 40 days. And even if the *same controversy* were capable of being repeated, this Honorable Court nonetheless already proved—by granting Defendant's motion to dismiss before the decree ended—that it does not "evade judicial review." *Emp. Pur. Des., Inc. v. H. I. E. Tel.*, 2000 P.R.-Eng. 569,924, P.R. Offic. Trans. (2000). All of this might explain why Plaintiff's local counsel has done nothing to prosecute the pendent claim under Puerto Rico's Establishment Clause, whose jurisprudence also tracks the Court's. *See, e.g.*, ECF No. 49 at 21–22.

## III.

Plaintiff's third line of reasoning takes issue with Defendant's argument that deterrence "of lawsuits whose standing contentions manifestly violate the Supreme Court's modern jurisprudence," ECF No. 71 at 1 (quoting ECF No. 67 at 2)—which Plaintiff sees as deterrence "of the access to the Court," *id.* at 3— is not contemplated by § 1988 framework. But it cites no authorities in support of this contention (exposing itself to a plain finding of waiver). *See, e.g., Polanco v. UPS Freight Services, Inc.*, 217 F.Supp.3d

470, 505–06 (D.P.R. 2016) (Delgado Hernández, J.) ("The First Circuit has cautioned that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (footnote omitted)).

And, more importantly, the contrary is true. "[I]n enacting § 1988," the Supreme Court has remarked, "Congress sought to protect defendants from burdensome litigation having no legal or factual basis." *Fox*, 563 U.S. at 833 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416 (1978) (citation and internal quotation marks omitted)); *O'Boyle v. Thrasher*, 647 Fed. Appx. 994, 995 (11th Cir. 2016) (unpublished). Plaintiff misleadingly implies (ECF No. 71 at 3) that, in enacting 42 U.S.C. § 1988, Congress sought to protect *only plaintiffs*. This is plainly wrong. And because the contrary is true, and because deterrence is indeed a factor—which, to be sure, is not mutually exclusive with Congress's other purpose: Making it easier for plaintiffs to lodge civil-rights suits, *Christiansburg Garment Co.*, 434 U.S. at 420—this Court should reject Plaintiff's misleading interpretation of § 1988's remedial purposes, *see e.g.*, *Fid. Guarantee Mortg. Corp. v. Reben*, 809 F.2d 931, 936 (1st Cir. 1987).

It is precisely because of these types of misleading statements that Plaintiff's standing claims or theories were unreasonable, frivolous, or without foundation. In sum, because one of § 1988's goals is to deter the bringing of lawsuits without foundation, and because Plaintiff's standing theories or claims lacked any reasonable ground or

foundation, the remedial purpose of deterrence applies. And this Court should thus enforce it.

**IV.**

Finally, Plaintiff apparently takes exception to Defendant's request to recover the translations costs. *See* ECF No. 67 (explaining why such costs are part of the fee-calculation award). It apparently blames Defendant for the costs, because it "forc[ed] through the removal the federal court's intervention," ECF No. 71 at 2, which is true. True, but immaterial. As Justice Kagan explained in *Fox*, to the extent that when, as here, a plaintiff all but invites a defendant to remove the case, it cannot cry foul about how "federal court . . . drives up litigation expenses. Here too, our standard would permit awarding fees for work relevant to both claims in order to reflect the increased costs (if any) of the federal forum." 563 U.S. at 837–38. In short, then, Plaintiff "must be bound by the consequences of its litigation strategy." *Trans–Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008) (citation omitted).

For this reason, Plaintiff's argument fails. In any event, because Plaintiff cites no authorities to support this undeveloped proposition, this Court should summarily reject it as waived.

**Conclusion**

For the reasons stated, this Court should overrule Plaintiff's objections and grant Defendant's motion for attorney's fees. Alternatively, this Court should order their

reimbursement under any applicable section of the United States Code, the local or federal rules of civil procedure, or pursuant to its inherent powers.

Dated: June 16, 2017                       Respectfully submitted,

**DEL TORO & SANTANA**
*Attorneys for Carlos J. Méndez Núñez*
Plaza 273, Suite 900
273 Ponce de León Ave.
San Juan, Puerto Rico 00917-1934
Tel. (787) 754-8700
Fax (787) 756-6677

/s/ **ARTURO V. BAUERMEISTER**
USDC-PR 302604
abauermeister@dtslaw.com

/s/ **ROBERTO SANTANA-APARICIO**
USDC-PR 122811
rsantana@dtslaw.com

**CERTIFICATE OF SERVICE**

I certify that, on this day, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: /s/ ARTURO V. BAUERMEISTER